| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| GREGORY LYNN CAIN,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 1:18-cv-01567-LJO-JDP<br><br>ORDER GRANTING MOTIONS TO AMEND COMPLAINT<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO STATE CLAIM WITHOUT LEAVE TO AMEND<br><br>ECF Nos. 16, 17, 18<br><br>OBJECTIONS DUE WITHIN 14 DAYS |

Plaintiff is a civil detainee proceeding without counsel and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. Before the court are plaintiff's motions for leave to amend his complaint, ECF Nos. 16, 17, and the screening of plaintiff's second amended complaint, ECF No. 18. Plaintiff challenges the constitutionality of California's Sexually Violent Predator Act, Cal. Welf. & Inst. Code § 6600 et seq. ("SVPA"). Plaintiff's factual allegations are not sufficient to state a claim of constitutional deprivation under 42 U.S.C. § 1983, and, given the nature of the allegations, further amendment of the complaint would be futile. Accordingly, we will recommend that the complaint be dismissed without leave to amend.

As an initial matter, plaintiff's motions to amend his complaint, ECF Nos. 16, 17, are granted because the complaint has not yet been served. *See* Fed. R. Civ. P. 15(a)(2). We now proceed to screening plaintiff's second amended complaint.

I. **SCREENING AND PLEADING REQUIREMENTS**

The *in forma pauperis* statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted). The court must construe a litigant's complaint liberally when he is proceeding without counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet*, 137 S. Ct. 911, 916 (2017). To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the deprivation of a right secured by the U.S. Constitution and laws of the United States and (2) allege that the deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"

*Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

## II. ANALYSIS

Plaintiff is a civil detainee at Coalinga State Hospital. *See* ECF No. 18 at 1. Plaintiff claims that the SVPA is unconstitutional and seeks release. *See id.* However, the constitutionality of the SVPA is firmly established. *See, e.g.*, *Hubbart v. Knapp*, 379 F.3d 773 (9th Cir. 2004) (upholding the SVPA against due process and equal protection challenges); *Sullivan v. Ahlin*, 606 F. App'x 410, 410-11 (9th Cir. 2015) (upholding the SVPA procedures against a due process challenge); *Page v. Demorales*, 42 F. App'x 930, 931-32 (9th Cir. 2002) (upholding the SVPA against a Fifth Amendment double jeopardy challenge). Therefore, his complaint should be dismissed.

We have screened plaintiff's complaint and find that it fails to state a cognizable claim. Given the nature of his allegations, amendment would be futile. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment). Accordingly, we recommend that the complaint be dismissed with prejudice.

## III. ORDER

Plaintiff's motions to amend his complaint, ECF Nos. 16, 17, are granted.

The clerk of court is directed to assign this case to a district judge who will review the findings and recommendations.

## IV. FINDINGS AND RECOMMENDATIONS

We recommend that plaintiff's second amended complaint, ECF No. 18, be dismissed for failure to state a claim on which relief could be granted. The complaint should be dismissed with prejudice because further amendment would be futile.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 14 days of the service

of the findings and recommendations, plaintiff may file written objections to the findings and recommendations with the court. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:  June 7, 2019                              /s/ Jeremy Peterson
                                                  UNITED STATES MAGISTRATE JUDGE

No. 204