1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

GREGORY LYNN CAIN,

Case No. 1:18-cv-01567-LJO-JDP

Plaintiff,

12

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL

v.

13

STATE OF CALIFORNIA, *et al*.,

14

ECF No. 20

Defendants.

15

16

17         Plaintiff Gregory Lynn Cain is proceeding without counsel in this civil rights action

18   brought under 42 U.S.C. § 1983. Plaintiff's second amended complaint, filed on January 17,

19   2019, was screened under 28 U.S.C. § 1915A. We issued findings and recommendations to

20   dismiss this case on June 10, 2019. ECF No. 19. On June 19, 2019, plaintiff filed his second

21   motion seeking the appointment of counsel. ECF No. 20. He states appointment of counsel is

22   necessary because he is indigent, the case is complex, and he has limited knowledge of the law.

23   *See id*.

24         Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand*

25   *v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en*

26   *banc*, 154 F.3d 952 (9th Cir. 1998), and the court lacks the authority to require an attorney to

27   represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S.

28

296, 298 (1989).  The court may request the voluntary assistance of counsel.  *See* 28 U.S.C.

§ 1915(e)(1) ("The court may request an attorney to represent any person unable to afford

counsel"); *Rand*, 113 F.3d at 1525.  However, without a means to compensate counsel, the court

will seek volunteer counsel only in exceptional circumstances.  In determining whether such

circumstances exist, "the district court must evaluate both the likelihood of success on the merits

[and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the

legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

The court cannot conclude that exceptional circumstances requiring the appointment of

counsel are present here.  The allegations in the complaint are not exceptionally complicated.

Based on a review of the record, it is not apparent that plaintiff is unable to articulate his claims

adequately.  Further, at this stage in the proceedings, plaintiff is not likely to succeed on the

merits.

The court may revisit this issue at a later stage of the proceedings if the interests of justice

so require.  If plaintiff later renews his request for counsel, he should provide a detailed

explanation of the circumstances that he believes justify appointment of counsel

Accordingly, plaintiff's motion for the appointment of counsel, ECF No. 20, is denied

without prejudice.

IT IS SO ORDERED.

Dated:   June 20, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 204

2